**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JIMMY DALY,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-05929<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DEFENDANTS IDENTIFIED IN FIRST AMENDED SCHEDULE A**

Plaintiff, JIMMY DALY ("Daly" or "Plaintiff"), submits this Memorandum in Support of Plaintiff's Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the thirteen Defendants identified in First Amended Schedule A (the "Defaulting Defendants") on Plaintiff's claim for Copyright Infringement (Count I). Each Defaulting Defendant was served by e-mail and electronic publication under this Court's Order [15], and none has appeared.

Plaintiff, an artist who paints to evoke memories of childhood and to capture images of an ideal life, owns the Copyright Registrations that protect the creative content of the Jimmy Daly Works. [1] at ¶¶ 3, 5, 8. No one other than Plaintiff and Plaintiff's licensees is authorized to sell goods utilizing the Jimmy Daly Works. *Id.* at ¶ 15. On information and belief, the Defendants create numerous Defendant Internet Stores and design them to appear to be selling authorized Jimmy Daly Products. *Id.* at ¶¶ 6, 11. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them. *Id.* at ¶ 7. Each Defaulting Defendant targets the United States, including Illinois, through the fully interactive online marketplace accounts

identified in First Amended Schedule A (the "Defendant Internet Stores"), and has offered to sell and, on information and belief, has sold infringing Jimmy Daly Products to consumers in Illinois. *Id.* at ¶¶ 2, 16.

Plaintiff filed this action on May 21, 2026, alleging Copyright Infringement and seeking statutory damages and injunctive relief. [1]. On May 26, 2026, this Court granted Plaintiff's Ex Parte Motion for Leave to Conduct Expedited Discovery and Service of Process by E-mail and/or Electronic Publication and entered its Order [15] (the "Order"). Paragraph 3 of the Order permitted Plaintiff to complete service of process by electronic publication or by sending an e-mail to the e-mail addresses provided for Defendants by third parties, and paragraph 1 required Amazon Payments, Inc. ("Amazon") and Roadget Business Pte. Ltd. ("SHEIN") to produce records sufficient to determine the Defendants' identities and locations. [15] at ¶¶ 1, 3. The Defaulting Defendants were served on June 18, 2026. [18]; [18-1]. Their time to respond expired on July 9, 2026 [18], and none has entered an appearance or otherwise defended this action. Declaration of Keith A. Vogt ("Vogt Declaration") at ¶ 2.

The evidence supporting service is specific to each Defaulting Defendant, as set forth below. For five Defaulting Defendants (Nos. 5, 9, 11, 12, and 13), the platforms' records state more than one address, or an address different from the one the storefront displays, in most instances in a different city, province, or country. For two (Nos. 3 and 6), the registered address is a directional description ("200 meters east of the village committee") at which no map resolves any premises. For two (Nos. 4 and 14), the address is a unit in a residential compound or in a bonded-port building shared by twenty or more registrants. One (No. 10) is the campus of a private university, and the only registered entity of that name is cancelled. The remaining three (Nos. 2, 8, and 15) are rural houses or shopfronts that no map search located. Declaration of

Yanling Jiang ("Jiang Decl.") ¶¶ 6-12 & Exs. A, B. This motion concerns only Defendants whose addresses are not known on the present record.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because they directly target business activities toward consumers in Illinois and cause harm to Plaintiff's business within this judicial district. *See* [1] at ¶ 2; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without the benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor). This Court has already found that it has personal jurisdiction over Defendants. [15] at 1 (finding "that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois").

The Defaulting Defendants have targeted sales to Illinois residents by operating Defendant Internet Stores that offer shipping to Illinois, accept payment in U.S. dollars, and, on information and belief, have sold infringing products to residents of Illinois. [1] at ¶ 2. Personal jurisdiction is proper because each Defaulting Defendant is committing tortious acts in Illinois and has wrongfully caused Plaintiff substantial injury in this District. *See, e.g., NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-27 (7th Cir. 2022) (concluding that personal jurisdiction is

proper when a defendant purposefully directs its actions to Illinois via third-party online retailers).

## II. SERVICE OF PROCESS IS PROPER AS TO EACH DEFAULTING DEFENDANT UNDER KANGOL

The Seventh Circuit held in *Kangol* that the Hague Service Convention bars e-mail service on a defendant in China where the Convention applies, and it remanded for the district court to decide, in the first instance, whether the Convention applies. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793 (7th Cir. 2026), 2026 WL 1502198, at *6. The Convention "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. District courts handling Schedule A cases "typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Kangol*, 2026 WL 1502198, at *4 (quoting *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). A plaintiff that "investigated the available physical addresses of online merchant to see if they were valid for service and determined they were not" has conducted reasonable diligence. *NBA Props.*, 549 F. Supp. 3d at 796 (citing *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)). The Seventh Circuit recorded, without deciding, the plaintiff's contention in *Kangol* that its efforts "yielded several, conflicting addresses." *Kangol*, 2026 WL 1502198, at *4. Plaintiff undertook the investigation described in Exhibits A and B and presents all results, including those that provided only partial corroboration of the disclosed addresses.

For each of the thirteen Defaulting Defendants, Plaintiff's investigation included: (a) cataloging the address disclosed on the seller profile, where one was disclosed; (b) searching that

address on Google web search, Google Maps, and Baidu Maps (百度地图), and capturing each result; (c) checking the seller against the Tianyancha (天眼查) PRC business-registry database; and (d) comparing the disclosed address with the addresses maintained by the platforms for the seller, as produced under paragraph 1 of the Order. Jiang Decl. ¶¶ 4-7; Exs. A, B. The registry entries for Nos. 2, 3, 4, 5, 6, 8, 12, 13, 14, and 15 were pulled again on October 15, 2026. *Id.* ¶ 7. Plaintiff's counsel, a native Chinese reader, read and interpreted every Chinese-language result, and Plaintiff relies only on map searches conducted in Chinese characters for the correct city. *Id.* ¶¶ 1, 5.

The platforms' records further establish that these addresses are not known. For five Defaulting Defendants, the platforms' records state more than one address, or an address different from the one the storefront displays. Amazon's records for No. 5 list a residential-community address that differs from the street address on the storefront; for No. 9, a Dalian address in addition to the storefront's Yancheng address; for No. 11, addresses in Taizhou, Zhejiang, and Halifax, Nova Scotia, in addition to the storefront's Putian address; for No. 12, two Quanzhou addresses that differ from the storefront's Xiamen address; and for No. 13, a Gansu address and a Salt Lake City, Utah address, neither of which is the storefront's Shandong address. *Id.* ¶ 6; Ex. A. A request under the Convention may identify only one address. Where a platform's own records state conflicting addresses, Plaintiff could not determine which address, if any, is a place where the Defendant can be served, and the address most likely to be the Defendant's was not verified as a real, current location at which the Defendant could be served; it is not an address to which a request under the Convention could reliably be directed. *Id.* ¶ 6; Ex. A.

The addresses of all thirteen Defaulting Defendants are unknown. Exhibits A and B group these Defendants according to the deficiencies in their address information.

The five Group A Defendants (Nos. 5, 9, 11, 12, and 13) have more than one address in the platforms' records. Jiang Decl. ¶ 8; Exs. A, B. No. 5's storefront address, a street number and floor on Xingxiang Road West in Nanning, is not the address Amazon produced, a residential community, and neither could be placed at the stated unit. No. 9's storefront address is an ICBC staff dormitory in Yancheng, Jiangsu; Amazon produced a Dalian address that is the Changxing Island Economic Zone administrative compound, where the stated residential-style unit does not exist; and the registry returned three Dalian entities of similar name, one cancelled and one listed since December 2025 as unreachable at its registered address. No. 11 has three addresses, in Putian, Taizhou, and Halifax, none of which could be located (Canada Post reports no civic address numbered 125 on Tayberry Court), and the registry returned no entity. No. 12's storefront address is a workstation-format unit in a free-trade-zone building at which twenty or more entities are registered, and the two Quanzhou addresses Amazon produced resolve to a restaurant and entertainment venue and to a furniture-market stall attributed to a different company. No. 13 discloses a Shandong residential unit that matches a registered entity, and Amazon's records add a Gansu address at which no registry entity was found and a Salt Lake City address; Plaintiff discloses the United States address and could not determine that the Defendant can be served at any of the three. For each of the five, Plaintiff could not verify which address, if any, is a real, current location at which the Defendant could be served. A Central Authority request would have to name one of several conflicting addresses, and no address in these records can be certified as the Defendant's address for Hague purposes.

The two Group B Defendants (Nos. 3 and 6) register a directional description in place of a street address: No. 3's is "200 meters east of the village committee" of Tangbali Village, and No. 6's is "No. 6, on the west side of the road, 50 meters north of the intersection of Taihang Avenue and Gonghe Road." Jiang Decl. ¶ 9; Exs. A, B. For each, a registered entity exists at the identical string, but the map searches reached only the village committee or the intersection and showed no premises at the stated bearing. A registered bearing establishes registration. It does not give a Central Authority or a process server a place to deliver a document.

The two Group C Defendants (Nos. 4 and 14) register at units in shared premises. Jiang Decl. ¶ 10; Exs. A, B. No. 4's registered unit, Room 803, is in a residential compound at which nine entities, six of them active, are registered, and the registrant is a sole proprietorship established in 2025; the maps placed the compound but not the room. No. 14's registered unit, G1112, is in a bonded-port office building at which twenty or more entities are registered; the maps showed other companies' rooms in the building and reported G1112 missing, and the stated city and postal code (Haikou, 570100) conflict with the location of Yangpu (Danzhou, 578000). A registration at a shared or mass-registration address does not show that the Defendant can be served there.

The Group D Defendant, No. 10, discloses 红旗大街汇安路 39 号 in Shijiazhuang, which the searches resolve to the campus of a private university and which states no building, floor, or room; the only registry entity matching the name is cancelled and was registered in Longhui, Hunan, a different province. Jiang Decl. ¶ 11; Exs. A, B. A Central Authority request addressed to a cancelled legal person names an entity that no longer exists.

The three Group E Defendants (Nos. 2, 8, and 15) match a registry entity registered at the identical address, but the maps could not place the house or shopfront. Jiang Decl. ¶ 12; Exs. A,

B. Baidu Maps returned "no relevant location found" for No. 2's rural house; No. 8's hamlet was located but not house No. 19, which the registry describes as registered for office use only; and No. 15's shopfront is in a hamlet whose neighboring numbers (Nos. 98, 186, 215, and 217) were located but not No. 130, in a district different from the one stated, and the registry match for No. 15 rests on an inferred Chinese rendering of the name. Plaintiff does not contend that these registrations are false. Plaintiff's showing is that no search connected any of them to premises at which the Defendant could be found and served, and a registry entry establishes an entity's registration at the stated address but does not establish that documents can be delivered to that Defendant at that location.

Although Plaintiff ascertained each disclosed address, it could not verify that any of them corresponded to a location associated with the Defendant at which service could be effected, and for the Group A Defendants the platforms' own records state conflicting addresses. Each address is therefore "not known" within Article 1. *NBA Props.*, 549 F. Supp. 3d at 796. The Hague Convention does not apply to the Defaulting Defendants. Service of process by e-mail and electronic publication, as this Court authorized in its Order [15] and as permitted under Federal Rule of Civil Procedure 4(f)(3), was therefore proper as to each Defaulting Defendant, and entry of default judgment is appropriate.

## III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On May 21, 2026, Plaintiff filed the Complaint [1] alleging Copyright Infringement (Count I). The Defendants were properly served on June 18, 2026. [18]; [18-1]. Despite having been served with process, the Defaulting Defendants have neither participated in these

proceedings nor pleaded or otherwise defended this action. Vogt Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff requests entry of default against the Defaulting Defendants.

## IV. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

More than twenty-one (21) days have elapsed since service, and none of the Defaulting Defendants identified in First Amended Schedule A has filed an answer or other responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, together with statutory damages under 17 U.S.C. § 504(c)(2) and a permanent injunction.

### A. Copyright Infringement

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Copyright protection extends to derivative works, "any . . . form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. Here, Plaintiff owns the registered copyrights in the Jimmy Daly Works. [1] at ¶¶ 3, 5, 8. The Complaint alleges infringement of

Plaintiff's Jimmy Daly Works. *Id.* at ¶¶ 17-22. Because the Defaulting Defendants have failed to respond or otherwise plead in this action, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment against the Defaulting Defendants on Count I for willful copyright infringement.

**B. Statutory Damages Are Appropriate in this Case**

Pursuant to the statutory damages provision of the Copyright Act, a plaintiff may elect to receive "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C. § 504(c) is articulated in *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). In the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). Knowledge need not be established by direct evidence; it may be inferred from a defendant's conduct. *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003) (finding that "[w]illful blindness is knowledge, in copyright law").

Here, Defendants knew that their activities constituted infringement or at least acted in reckless disregard of Plaintiff's rights in the Jimmy Daly Works because Defendants are intentionally coupling the Infringing Jimmy Daly Products with goods derived from the images in Plaintiff's copyrighted works. The record also corroborates the concealment alleged in the Complaint, [1] at ¶ 7: five Defaulting Defendants state more than one address in their platforms'

records, two register a directional description in place of a street address, and two register at addresses shared with twenty or more other registrants. Jiang Decl. ¶¶ 6, 8-10; Ex. A. Thus, Plaintiff's request for a statutory damages award of fifty thousand dollars ($50,000) from each Defaulting Defendant for willful copyright infringement of the Jimmy Daly Works is appropriate.

### C. Plaintiff Is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the Jimmy Daly Works. The Copyright Act authorizes injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction must show (1) actual success on the merits; (2) that it has suffered an irreparable injury; (3) that remedies available at law are inadequate; (4) that the balance of hardships warrants a remedy in equity; and (5) that the public interest would not be disserved. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Plaintiff has proved actual success on the merits: the Defaulting Defendants are in default, and the Complaint's well-pleaded allegations of ownership and infringement are taken as true. [1] at ¶¶ 17-22. The infringements deprive Plaintiff of the ability to control the creative content protected by the copyrights and undermine the value of the Jimmy Daly Works, harms that are not fully compensable in damages. *Id.* at ¶¶ 9, 12-14, 22. Moreover, because these sellers cannot be located at their disclosed addresses, collection of a monetary judgment would be difficult, leaving injunctive relief as the only effective remedy. As to the balance of hardships, an injunction requires the Defaulting Defendants only to stop selling products they have no right to sell. And it is in the public interest to uphold copyright protections and to prevent the misappropriation of the skills, creative energies, and resources invested in protected work.

Without an injunction, Plaintiff remains exposed to continuing infringement by parties who cannot practicably be reached.

## V. CONCLUSION

Each Defaulting Defendant was served in accordance with this Court's Order, and none has appeared. The Hague Convention does not apply to Defendants whose addresses are unknown. Plaintiff respectfully requests that the Court enter default and default judgment against the thirteen Defaulting Defendants identified in First Amended Schedule A; find that service on each of them by e-mail and electronic publication under the Order [15] and Rule 4(f)(3) was proper; award statutory damages of fifty thousand dollars ($50,000) against each Defaulting Defendant pursuant to 17 U.S.C. § 504(c)(2); and permanently enjoin Defaulting Defendants from selling Infringing Jimmy Daly Products, as provided in the accompanying proposed Default Judgment Order.

DATED: October 16, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, publish the documents on a website, and send an e-mail containing a link to that website to any e-mail addresses provided for Defendants by third parties.

*/s/ Keith A. Vogt*
Keith A. Vogt, Esq.