**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JIMMY DALY,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 1:26-cv-05929<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Beth W. Jantz |

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, counsel for Plaintiff Jimmy Daly ("Plaintiff") in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services.

2. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. This Declaration and the accompanying Exhibits A

and B describe the efforts undertaken to ascertain and verify the address of each of the thirteen Defaulting Defendants identified in First Amended Schedule A, and the results.

3. Each of the thirteen Defaulting Defendants discloses a mainland PRC address on the platform storefront. Amazon's production adds an address in the United States for one of them (No. 13) and an address in Canada for another (No. 11), which I describe in paragraphs 6 and 8 below. Exhibit A organizes the Defaulting Defendants into five groups (Groups A through E) according to the way each address fails.

4. **Address ascertained.** For each Defaulting Defendant, I began with the address the platform states for the seller on its seller profile or store-information page. Each address is quoted verbatim in Exhibit A, with Chinese characters preserved and line breaks on the source page shown by a slash.

5. **Address searched.** Each stated address was searched on Google web search, Google Maps, and Baidu Maps (百度地图), and, where noted in Exhibit A, on Amap (高德地图), and a screenshot of each search was captured on July 22, 2026. The mechanical searching and screen capture were performed by a research associate working under my direction and supervision; I personally examined the captures, and I personally read and interpreted the Chinese-language search results. Where a search was not entered in Chinese characters, where the service changed the search city, or where a Google Maps capture records a different query from the address stated (Nos. 6, 9, and 14), I do not rely on that search, and Exhibit A does not report it. All of this research was desk research; no one visited any address.

6. **Platform records.** I reviewed the records that Amazon produced to Plaintiff's counsel under paragraph 1 of the Court's Order [15]. The address in each platform's records is stated in the last column of Exhibit A. For Nos. 2, 3, 4, 6, 8, 10, 14, and 15, Amazon's

production lists the same address as the storefront. For five Defaulting Defendants (Nos. 5, 9, 11, 12, and 13), Amazon's records state more than one address, or an address different from the one displayed on the seller's storefront. For No. 5, Amazon's production lists a residential-community address in Nanning and does not list the storefront address. For No. 9, it lists the storefront address in Yancheng, Jiangsu, and an address on Changxing Island, Dalian. For No. 11, it lists the storefront address in Putian, Fujian, an address in Taizhou, Zhejiang, and an address in Halifax, Nova Scotia, Canada. For No. 12, it lists two addresses in Quanzhou, Fujian, and does not list the storefront address in Xiamen. For No. 13, it lists an address in Dingxi, Gansu, and an address in Salt Lake City, Utah, and does not list the storefront address in Shandong. For each of these five Defendants, Amazon's own records therefore state conflicting addresses, and I could not determine which address, if any, is a place where the Defendant can be served. For each of them, the address that the investigation identifies as the most likely to be the Defendant's was not verified as a real, current location at which the Defendant could be served, as stated in Exhibit A, and it is not an address to which a request under the Hague Service Convention could reliably be directed.

7. **PRC business-registry check.** I checked each of the thirteen Defaulting Defendants against the Tianyancha (天眼查) PRC business-registry database using the business name disclosed on the platform (or, where the storefront name is in Chinese characters, that name), and read the Chinese-language registry records myself. The searches were run on August 25, 2026; the registry entries for Nos. 2, 3, 4, 5, 6, 8, 12, 13, 14, and 15 were pulled again on October 15, 2026, and the search for No. 13 was repeated on October 2, 2026. The results are compiled in Exhibit B. For ten Defaulting Defendants (Nos. 2, 3, 4, 5, 6, 8, 12, 13, 14, and 15), the search returned a single registered entity whose registered address equals the platform-

disclosed address; for No. 15 that result rests on a Chinese rendering of the platform name that I inferred, because neither verbatim string returned an entity. None of those ten entities carries an abnormal-operations (经营异常) listing. For No. 9 the search returned three entities of similar name, one of them cancelled and one listed as unreachable at its registered address. For No. 10 the only entity is cancelled. For No. 11 the search returned no registered entity matching the seller. None of those three sellers discloses a registered Chinese-character legal name; each platform identifier is a romanized pinyin string or an English-language storefront alias.

8. **Group A.** For each of the five Group A Defendants (Nos. 5, 9, 11, 12, and 13), I could not determine which address, if any, is a place where the Defendant can be served. For No. 5, the storefront address (a street number and floor on Xingxiang Road West, Nanning) resolves to a street with businesses but no room, and the address Amazon produced (a unit in the Lanbowan residential community) was not located on any resource. For No. 9, the storefront address in Yancheng resolves to an ICBC staff dormitory on a different street, and the Dalian address Amazon produced is the Changxing Island Economic Zone administrative compound, where the stated unit does not exist; one of the three similarly named Dalian entities is registered at that address and has been listed since December 2, 2025 as unreachable there. For No. 11, no resource located the Putian or Taizhou addresses, and Canada Post reports no civic address numbered 125 on Tayberry Court, Halifax. For No. 12, the registered unit in the free-trade-zone building (406-1445) is in a concentrated-registration format at which twenty or more entities are registered, and the two Quanzhou addresses resolve to a restaurant and entertainment venue and to a furniture-market stall that the produced string attributes to a different company. For No. 13, the Shandong storefront address is a residential unit in a compound that I could locate only at the compound level, at an address that matches a registered entity (淄博同有建设服务有限公司)

whose legal representative's name matches the storefront handle; I found no registry entity at the Gansu address; and the Salt Lake City address is given only as "Cabinet City, 2974 South 300 West," and I could not link it to the Defendant. The results for each Defendant are stated in Exhibits A and B.

9. **Group B.** Each of the two Group B Defendants (Nos. 3 and 6) states a directional description in place of a street address: No. 3, "200 meters east of the village committee," Tangbali Village, Yuquan Town, Tianzhen County, and No. 6, "No. 6, west side of the road, 50 meters north of the intersection of Taihang Avenue and Gonghe Road," Huixian City. For each, the registry returned one entity registered at the identical string, and the map searches located only the village committee (No. 3) or the intersection (No. 6) and no premises at the stated bearing. The results for each Defendant are stated in Exhibit A.

10. **Group C.** For No. 4, the stated unit (Room 803, 前埔东一里 30 号, Siming District, Xiamen) is in a residential compound; the maps located the compound but not the room; and I found nine entities, six of them active, registered at the street number. For No. 14, the stated unit (G1112, Building 2, Bonded Port Area, Yangpu Economic Development Zone) is in an office building at which twenty or more entities are registered; the searches showed other companies at differently lettered rooms in the building and reported G1112 missing; and the stated city and postal code (Haikou, 570100) are inconsistent with the stated street, which is in Yangpu (Danzhou, 578000). The results for each Defendant are stated in Exhibit A.

11. **Group D.** No. 10 states 红旗大街汇安路 39 号, Qiaoxi District, Shijiazhuang. All of the searches resolve that address to the campus of a private university, which states no building, floor, or room, and the stated postal code does not match the school's. The only registered entity matching the name is cancelled (注销) and was registered in Longhui, Hunan, a

different province. No matching business was found at the location by desk check (map/POI review). The results are stated in Exhibits A and B.

12. **Group E.** For each of the three Group E Defendants (Nos. 2, 8, and 15), the registry returned an entity registered at the disclosed address, but the stated house or shopfront cannot be shown on the map. For No. 2, Baidu Maps returned that no relevant location was found, and Amap reached only the village committee and hamlet; for No. 8, the maps located the hamlet but not house No. 19, which the registry describes as registered for office use only; and for No. 15, the maps located the hamlet and ground-floor shopfronts at Nos. 98, 186, 215, and 217 but not No. 130, and placed the hamlet in a district different from the stated one. The results for each Defendant are stated in Exhibit A.

13. **Conclusion.** For each of the thirteen Defaulting Defendants, the searches described above did not verify the stated address as a real, current location at which the Defendant could be served. The specific result for each Defendant is stated in Exhibit A.

14. Exhibit A is a true and correct compilation, for each Defaulting Defendant, of the stated address, the search results, and the address in the platform's records described above. Exhibit B is a true and correct compilation of the Tianyancha registry-check results described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain. The underlying captures are maintained by my office and are available to the Court on request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*